### SAMUEL S. SKINNER *v.* NATHANIEL A. TUCKER.

A deposition, properly taken to be used upon the trial of a case before a justice of the peace, may be opened by him on any day before it is to be used, as well as in open court on the day of trial.

If a deposition be properly taken, *ex parte,* to be used upon the trial of an action of book account before a justice of the peace, and be properly opened, and the case pass by appeal to the county court, and be there referred to an auditor, the deposition may be used upon the hearing before the auditor, notwithstanding it was not in fact used before the justice of the peace, and has never been filed in the office of the clerk of the county court, and the party taking it has refused to the adverse party any access to it, or any knowledge of its contents.

An *ex parte* deposition, taken to be used before referees acting under a rule from the county court, may be received in evidence by the referees, without having been previously filed with the clerk. *Anon.,* Orange Co., 1847, cited by HALL, J.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, upon whose report judgment was rendered by the county court, September Term, 1848,—BENNETT, J., presiding,—in favor of the defendant.

The only questions made in the case were upon the admission, by the auditor, of a deposition, in reference to which the facts were reported as follows. The deposition was taken by the defendant, *ex parte,* on the twenty third day of February, 1848, and certified in due form, to be used upon the trial of this suit before the justice of the peace, before whom it was commenced, on the twenty fifth day of February, 1848, to which day the trial then stood continued. On that day the suit was again continued by the magistrate to the third day of March, 1848, and it was then again continued from time to time, and finally passed to the county court by appeal. The deposition was opened by the justice of the peace on the first day of March, 1848, the adverse party not being present, or consenting thereto, and was delivered to the defendant's attorney, and was not used upon the trial before the justice, nor was it ever placed on file in the office of the clerk of the county court; and it appeared, that the defendant's attorney had refused, upon application, to allow the plaintiff, or his attorney, to see it.

To the decision of the county court the plaintiff excepted.

*W. W. Peck,* for plaintiff, insisted, that the deposition, not having been taken with notice, nor filed with the county clerk, according to the Rev. St., chap. 31, sec. 11, was inadmissible as evidence before the auditor.

*Smalley & Phelps,* for defendant, cited *Walsh et al.* v. *Pierce,* 12 Vt. 130; *Starksboro'* v. *Hinesburgh,* 15 Vt. 200; Rev. St., c. 31, § 11; and *Lord* v. *Bishop,* 16 Vt. 110.

The opinion of the court was delivered by

HALL, J. It is insisted in behalf of the plaintiff, that the deposition was inadmissible, because it was not duly opened, and also because it was not filed with the clerk of the court for thirty days before the trial. We do not think that either of the objections should prevail.

There is no statute provision in regard to the opening of depositions taken to be used before justices. They ought doubtless to be opened by the justice, but as the opening of them is in its character a ministerial act, it may be done on any day before the deposition is to be used, as well as in open court on the day of trial.

The deposition, having been properly taken and opened, became legal evidence in the suit, and would, we think, continue such evidence, wherever the suit was carried, until its final determination; unless, indeed, the right to use the deposition became suspended by the removal of the reason, which justified the taking of it.

It was not necessary to file the deposition with the clerk. The statute requiring depositions to be thus filed for thirty days before the session of the court, in which they are to be used, has, we believe, been uniformly understood to apply only to depositions taken to be used on trials in the supreme and county courts. The statute contemplates, that depositions may be taken to be used before justices of the peace and boards of auditors and referees, as well as before the county and supreme courts, as appears by the form prescribed for certifying them; and when thus taken, they are not required to be filed. At the March Term of the supreme court in Orange county, in 1847, it was held, in a case not reported, that an *ex parte* deposition, taken to be used before a board of referees acting under a rule from the county court, was properly received in

evidence by the referees, without having been previously filed with the clerk. This decision was in conformity with the language of the statute, as well as with the long established practice under it.

The deposition in this case having been properly taken to be used before the justice, and properly opened by him, was, we think, legally admissible in evidence before the auditor, without having been filed with the clerk ; and the judgment of the county court is therefore affirmed.